THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LARRY McKAY MAXFIELD | ) | Case No. 2:08cv00884 DS |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Following denial of his motion to suppress evidence, Petitioner Larry McKay Maxfield pleaded guilty on September 6, 2007, to Aiding and Abetting the Manufacture of More than Fifty (50) Grams of Methamphetamine in violation of 21 U.S.C. § 841(a). His plea agreement contained waivers of both appellate and collateral-attack rights. He was sentenced on November 15, 2007, to 120 months imprisonment to be followed by 60 months supervised release. The Judgment was signed and entered on November 19, 2007. No direct appeal was taken.

Notwithstanding his waiver of collateral-attack rights, Mr. Maxfield, proceeding *pro se,* has filed the present motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In his motion, Mr. Maxfield claims that his counsel was ineffective for failing to appeal various court decisions (Ground One), failing to "fully develop and rebut the Government's Motion to Reconsider (Ground Two), failing to file interlocutory appeals of several

court decisions (Grounds Three & Five), and failing "to fully apprise defendant of all relevant information concerning the plea agreement and the waiver of certain rights" (Ground Six). In addition Mr. Maxfield claims judicial error for allowing the Government's Motion to Reconsider to be heard (Ground Four).

A "waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002). However, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." Id. at 1187. "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." Id. A defendant's waiver of his appellate or collateral attack rights are binding when (1)the scope of the waiver covers the disputed appeal or collateral attack, (2)the waiver was knowing and voluntary; and (3)enforcement of the waiver would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004); *United States v. Kutilek*, 260 Fed. Appx. 139, 143 (10th Cir. 2008)(same).

The scope of Mr. Maxfield's waiver is very broad. As part of his plea agreement, Mr. Maxfield acknowledged and certified that he "knowingly, voluntarily and expressly" waived his right to challenge his "sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255." Statement by Def. in Advance of Plea of Guilty at ¶ 10 (the "Plea Agreement"). He certified that he understood and agreed "that the word 'sentence' ... [was] being used broadly and applies to all aspects of the Court's sentencing authority...." *Id*. With the exception of Ground Six, Mr. Maxfield's claims do not attack the validity of his plea or the waiver of his post conviction rights and squarely fall within the scope of the waiver of his right to collaterally attack his sentence.

When deciding whether a waiver is knowing and voluntary, the Court examines "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Mr. Maxfield bears the burden of proving "support for the notion that he did not knowingly and voluntarily enter into his plea agreement." *Id*. at 1329. To accomplish this, he must "present evidence from the record establishing that he did not understand

the waiver." *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).  Mr. Maxfield presents no such evidence.  Indeed, the record clearly reflects that he understood the consequences of his Plea Agreement and entered into it knowingly and voluntarily.  He signed the Plea Agreement in which he certified that he knowingly and voluntarily waived his right to appeal directly or via collateral attack, specifically through a Section 2255 motion, that he had fully discussed the consequences of his plea with his counsel, and that he was satisfied with his counsel.  His counsel also certified that she had discussed the Plea Agreement with Mr. Maxfield and fully explained his rights to him, and that she was of the belief that he knowingly and voluntarily entered the plea with full knowledge of his legal rights.  Additionally, prior to accepting Mr. Maxfield's change of plea to guilty, the Court questioned him under oath concerning the consequences of his plea and the waiver of his rights.  The Court found that he fully understood what he was doing and that he freely and voluntarily entered into his plea.

An appeal of collateral-attack waiver cannot be enforced if doing so would result in a miscarriage of justice, which in this context occurs only "'[1]where the district court relied on an impermissible factor such as race, [2]where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3]where the sentence exceeds the statutory

4

maximum, or [4]where the waiver is otherwise unlawful.'" *Hahn*, 359 F.3d at 1327 (quoting United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)(bracketed numbers in original). Mr. Maxfield only raises the second of these requirements. In "Ground Six" he asserts that his counsel was ineffective in that she gave him defective advice and failed to "fully apprise defendant of all relevant information concerning the plea agreement and the waiver of certain rights." Mot. at Attachment 12. More specifically he contends:

> Had the defendant understood the full implications of the Plea Agreement, and particularly of the waivers pertaining to appeals and collateral reviews, he would not have entered into the plea agreement. ... With the appeal and Section 2255 waivers in the Plea Agreement not adequately explained by counsel during the plea negotiations, and with the previous affirmation that counsel would handle pre-trial hearing appeals at a later time, defendant was under the assumption and belief that he would still be able to appeal the pre-trial issues he had prior to the plea negotiations. ... The unprofessional and deficient actions of counsel severely prejudiced defendant's case by not appealing adverse pre-trial decisions ....

Id. at Attachment 12(a).

To establish that his plea was based on ineffective assistance of counsel, Mr. Maxfield must demonstrate that his counsel's performance was so deficient that it "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004)(quotation omitted). There is a "strong presumption that counsel's conduct

5

falls within the range of reasonable professional assistance." *Strickland*, 466 U.S. at 688.

There is nothing in the record to support Mr. Maxfield's claim that his counsel failed to properly and fully advise him of the consequences of his Plea Agreement.  And other than his own vague and conclusory statements, he has provided nothing to demonstrated that his counsel was ineffective or that he was prejudiced in any way. The record clearly reflects that Mr. Maxfield knowingly and voluntarily signed and agreed to the terms of his Plea Agreement, that he had the assistance of counsel in reviewing and explaining the Plea Agreement, that he was satisfied with his counsel, and that his decision to enter the Plea Agreement "was made after full and careful thought, with the advice of counsel, and with a full understanding of [his] rights, the facts and circumstances of the case and the consequences of the plea."  Plea Agreement p. 6.  Given these circumstances, Mr. Maxfield fails to raise a colorable argument that his plea was tainted by constitutionally ineffective assistance of counsel.

Based on the above reasoning, Mr. Maxfield's motion under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

DATED this 10th day of March, 2009.

BY THE COURT:

*David Sam*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT